THE STATE, EX REL. THE BUTLER COUNTY BAR LIBRARY ASSN., *v.* KEMPF, CLERK OF COURT.

(Decided May 27, 1935.)

*Mr. John F. Neilan* and *Mr. Harry J. Koehler,* for relator.

*Mr. Fred J. Schatzman,* for respondent.

HAMILTON, J.   This is an original action for a writ of mandamus.

In the petition, The Butler County Bar Library Association, the relator, states that it is a corporation not for profit, organized and existing under the laws of Ohio as a law library association, with a board of trustees, duly elected, qualified, and acting.

It further alleges that it maintains a law library for the use of the courts of Butler county, Ohio, and for all duly admitted attorneys practicing their pro-

fession in Butler county, and, further, that it maintains such for the use of all visiting courts and Judges engaged in the trial of cases in Butler county, Ohio, and furnishes admission to its library and use of its books free of charge.

The petition further alleges that under the provisions of Section 3056, General Code, as amended in 113 Ohio Laws, 249, relator is entitled to receive all fines and penalties assessed and collected for offenses and misdemeanors prosecuted in the name of the state of Ohio in the Municipal Court of Middletown, Ohio, excepting in such portion as is provided in the act.

It is further alleged that the defendant, Harry Kempf, is the duly appointed, qualified, and acting Clerk of the Municipal Court of the city of Middletown, Ohio, and as such clerk is charged with collecting and paying over monthly to said trustees of relator the moneys so collected from fines and penalties.

Relator further alleges that the Clerk of the Municipal Court of Middletown, Ohio, from July 21, 1929, to December 31, 1933, collected funds from fines and penalties in state cases, from which should be paid to the trustees of this relator the sum of $3,841.75; that said defendant has failed and neglected and refuses to pay over said amount to the trustees of this relator, and that demand has been made therefor.

The prayer is that a writ of mandamus issue compelling said clerk to pay over said sum to the trustees of the relator, and for such other relief as is proper.

The petition is challengd by demurrer.

It is the duty of the Clerk of the Municipal Court of Middletown to pay monthly to the library trustees the fines and penalties assessed and collected for offenses and misdemeanors prosecuted in the name of the state of Ohio in the Municipal Court of Middletown, except such portions as are otherwise provided for in said amended Section 3056, General Code.

There is no allegation in the petition that the clerk

has in his hands the sum of $3,841.75, theretofore collected. It may be he has no part of the sum sought to be ordered paid over.

In the absence of an allegation that the clerk has in his hands the sum of money claimed, or any part thereof, the demurrer to the petition will have to be sustained.

Whether or not the clerk is personally liable for the failure to pay the money over is not before the court.

While the court is of the opinion that it is the mandatory duty of the clerk to pay the money to the trustees of the library, in the manner and portion provided by Section 3056, General Code, we are not in a position to grant a writ in this case of binding force and effect. The demurrer is sustained and the writ denied.

*Writ denied.*

Ross, P. J., and MATTHEWS, J., concur.